## Hayes Bale, Defendant in Error, v. Otter Pond Drainage District, Plaintiff in Error.

1. APPEAL AND ERROR—*waiver of error not assigned or argued on appeal.* Where appellant failed to assign and argue on appeal an alleged error of the trial court in sustaining a demurrer to certain pleas, and the judgment appealed from was affirmed following the striking of the bill of exceptions because not procured within the time limited by the trial court, such error was waived.

2. APPEAL AND ERROR—*failure to perfect appeal as bar to subsequent writ of error.* Where a judgment has been affirmed, on appeal, for the failure of the appellant to preserve a bill of exceptions within the time limited by the trial court, the appellant may not thereafter, by writ of error, attack an alleged erroneous ruling of the trial court in sustaining a demurrer to its pleas, although such error would have been reviewable if assigned and argued on the appeal notwithstanding the want of a bill of exceptions.

3. APPEAL AND ERROR—*review of error in ruling on demurrer in absence of bill of exceptions.* An alleged error of the trial court in sustaining a demurrer to certain pleas is preserved for review on appeal notwithstanding the purported bill of exceptions is stricken, on motion, because not procured within the time limited by the trial court.

Error by defendant to the Circuit Court of Lawrence county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the October term, 1925. Writ of error dismissed. Opinion filed November 12, 1925.

F. C. MESERVE, P. W. BARNES and GEORGE W. LACKEY, for plaintiff in error.

GEE & GEE, for defendant in error.

MR. JUSTICE BARRY delivered the opinion of the court. This case was before us at our October, 1924, term on the appeal of plaintiff in error. The alleged errors then relied upon were such, only, as could be preserved in a bill of exceptions. Appellant failed to procure

a bill of exceptions within the time allowed by the trial court. On motion of appellee the purported bill was stricken from the transcript of the record, and as it was not then claimed that there was any error disclosed by the common-law record, we affirmed the judgment. The case was never reviewed by the Supreme Court and our judgment was final under section 121 of the Practice Act. [Cahill's St. ch. 110, ¶ 120.]

Since the affirmance of the judgment plaintiff in error sued out this writ of error and seeks a reversal on the ground that the court erred in sustaining a demurrer to certain of its pleas. If the alleged errors now relied upon had been assigned and argued on the former appeal, it would have been our duty to consider them for the reason that as to such matters no bill of exceptions is required. Having failed to urge them on appeal they were waived.

When a judgment has been affirmed, although not on the merits, but for failure of appellant to perfect the appeal, file briefs, prosecute, or take other steps required by law or rule of court, a second appeal or writ of error cannot be maintained. 3 Corpus Juris, p. 346; 2 Cyc. 525. In *Daly v. Kohn*, 230 Ill. 439, the court said: "An appeal is a continuation of the same case, and when the case is transferred to an appellate tribunal by appeal, there is no case pending in the trial court upon which a writ of error will operate at the suit of the party prosecuting the appeal until the case gets back into the trial court in some regular way." When our judgment of affirmance became final there was no way to get the case back into the trial court, so as to be again subject to review by appeal or writ of error by plaintiff in error.

The writ of error, under the practice in this State, was improvidently sued out and must therefore be dismissed.

*Writ of error dismissed.*